UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CHARLES GABRIEL,

versus

FORSYTH COUNTY CLERK OF COURT MS. SUSAN FRYE OFFICE OF THE 21ST JUDICIAL DISTRICT COURT and her deputy assistant HOLLEY ROBINSON;
HOLLEY ROBINSON individually;
STATEBRIDGE COMPANY LLC;
BROUGHAM REO OWNER, LP;
JOHN A. MANDULAK,
HUTCHENS LAW FIRM;
JOHN A. MANDULAK individually;
JOHN A MANDULAK TRUSTEE,
SUBSTITUTE TRUSTEE SERVICES INC.



18CV354

A CIVIL ACTION
FOR DECLARTORY RELIEF
AND EXPEDITED HEARING

## THE ACTION

Plaintiff, Charles Gabriel, is domiciled in the State of North Carolina, City of STATESVILLE NORTH CAROLINA.

1

Plaintiff, Charles Gabriel a disabled veteran and is entitled to any priority and preference available pursuant to Service Member Civil Relief Act pursuant to Certificate 1DMBKF24CDP36B280. Plaintiff herein requests this Honorable Court to appoint a "Special Master" to represent him in these special proceeding.

Plaintiff did reside at 1011 Keprechian Lane, Winston-Salem, NC 27104 at the time of the foreclosure of this immovable property on August 31, 2016.

## Defendants

Defendants are:

(1) Statebridge Company LLC

(2) Brougham REO Owner, LP current owner

(3) John A Mandulak, attorney at law, Hutchens Law Firm

(4) John A Mandulak, Trustee, Substitute Trustee Services Inc.

(5) John A Mandulak, individually

(6) Forsyth County Clerk of Court for the 21st Judicial District of North Carolina Susan Frye and her Deputy Holly Robinson

(7) Holley Robinson, individually

## Jurisdiction and Venue

(1) This court has jurisdiction to hear and resolve this complaint pursuant

to a violation of Equal Protection clause, Article 14 of the United States Federal Constitution made available to the states through the Fourteenth (14) amendment and North Carolina General Statutes Sec 45 – 21.16

(2) This court has jurisdiction to hear and resolve this complaint under diversity jurisdiction (some defendants have diversity).

(3) This court has jurisdiction to hear and resolve this complaint by virtue of 18 USCA Section 2685 pursuant to the protection against fraud and mismanagement by its officers.

(4) This court has jurisdiction to hear and resolve this complaint by virtue of violation of **CFPB Application of Regulation Z, Ability-to-Repay Rule in Certain Situations Involving Successors-in-Interest**.

(5) This court has jurisdiction to hear and decide pendant state court issues.

(6) The amount in controversy supersede $75,000.00 (seventy-five thousand dollars).

(7) The court has jurisdiction to hear and resolve this cause of action by virtue of power to enforce the Fourteenth Amendment to enact the ADA.

3

(8) The Plaintiff's in this motion has been injured, as a result to the Defendants deceptive actions in concert with the clerk in the foreclosure action, and the false claims made by the clerk in her order dated August 31st 2016 paragraph 4 and the concealment of vital information by the clerk to the judiciary that would have benefited the Plaintiff's in this motion.

FACTURAL BACKGROUND AND CAUSE OF ACTION:

1. This cause of action arises from Plaintiff's violation of his 14th Amendments rights to be heard at foreclosure hearing August 31st 2016.

2. On July 21st 2016 a petition was served on the Plaintiff in this action with notice of hearing prior to foreclosure of deed-of-trust dated April 19th 2007 recorded in Book RE 2762, Page 3903 in the Forsyth County Register of Deeds.

3. In 2008 Johnny Gabriel transferred his entire interest to his son and successor in interest prior to his death. Subsequently the co-borrower transferred her interest to Charles Gabriel.

4. In late 2014 and 2015 the Plaintiff's notified Statebridge Company LLC, to become obligor of the note and deed of trust in accordance with

4

CFPB Regulation Z, Ability-to-Repay Rule in certain situations involving Successors-In-Interest and Modification of the same.

5. On the 20th day of July 2017 Statebridge Company, LLC initiated foreclosure proceedings, both Barber and Gabriel were served. Plaintiff Gabriel was listed as current record owner and co-defendant in the action commenced by Statebridge Company, LLC.

6. On August 31, 2016 a foreclosure hearing was scheduled in the Special Proceedings' office in Forsyth County at 1400hrs. Forsyth County Court security video will reveal that the Plaintiff in this action arrived at the Special Proceeding's office at 1340hrs, and the assistant trustee on behalf of the lender and Trustee for Substitute Trustee Services Inc. arrived at 1355hrs. At 1410hrs, the assistant clerk approached Mr. Gabriel and introduced herself as one Holley Robinson and asked for his name and to state his business with the clerk's office?

Mr. Gabriel responded by providing his name, thereafter stating that he is a named co-defendant in the foreclosure action initiated by Statebridge Company LLC, Wilmington Savings Fund Society, FSB and Primestar-H 1 Fund Trust along with Michelle Barber, the son and successor of the expired Johnny Gabriel and the current record owner of said property in foreclosure.

5

At 1420hrs, the clerk returned to the waiting area where Plaintiff in this action was seated and conveyed to the Plaintiff that she was not familiar with him and because his name did not appear on the Note and deed of trust, had no standing in the case, would not be provided an opportunity to be heard and barred the defendant from the hearing, although the defendant was a named Co-Defendant and the current record owner. In defiance of the served foreclosure complaint on Mr. Gabriel which her office had issued and states (paragraph 1) *"you may attend the hearing and show cause why the foreclosure should not proceed."* Ms. Robinson instructed the attorney sitting next to the Plaintiff who she referred to as John who is believed to be the substitute trustee to continue to her office for the hearing.

7. John A. Mandulak of the Hutchens Law Firm did not show all disclosures with the note and deed of trust such as the unresolved loan of the previous owner because he was never challenged to do so, as a result to not providing co-defendant a hearing.

Newly discovered documents suggest the Attorney representing the Lender was fully aware that the property which he was attempting to foreclose had been encumbered by Richard B. Earls (previous owner) and Wachovia Bank which was later acquired by Well Fargo owed more than

6

$200,000 (two hundred thousand dollars) had first lien position prior to the action which prevented the Plaintiff in this action from getting refinanced, yet it is believed he did not share that information with the clerk or Ms. Robinson knew that Mr. Gabriel and Ms. Barber had been defrauded and failed to set the foreclosure hearing aside due to fraud on part of the Lender. Mr. Mandulak was duty bound to the articles in the deed of trust signed by the debtors, in particularly paragraph 4 page 5 of 14 which sets out that the lender must notify borrower if lender discovers that lender is in a junior lien position. Mr. Mandulak for Statebridge Company LLC settled the loan without notifying the borrower/successor and current owner that bank was in a secondary position or there was ever a lien.

8. Statebridge Company LLC failed to carry out its federally-imposed duties which were owed to the Plaintiffs in this action prior to filing its instant foreclosure lawsuit, Mortgage South, the original lender, now defunct and no longer in business failed to provide the deceased with answers when factual issues were raised relating to problems associated with his home mortgage. According to Federal regulations regarding mortgages, a Plaintiff who initiates a foreclosure action, is required to adapt effective collection techniques designed to meet the Defendants individual

differences, and take in account their peculiar circumstances to minimize default, their mortgage payments etc. as required by 24 C.F.R. 203.600.

Statebridge Company LLC stated in conversation with Plaintiff in this proceeding that the best thing to do is to forget the mortgage because there was no way a work out plan could be administered because he was not the borrower and as such the Plaintiff in this action would not qualify as a result; without accepting an application.

The representative at Statebridge Company LLC stated that the bank was not interested in doing a modification on this loan and Plaintiff could not become obligor of the same.

9. The Deputy Clerk one Holley Robinson is in violation of the Due Process Clause of the 14th Amendment. "The Due Process Clause imposes an affirmative obligation upon States to take such measures as are necessary to ensure that individuals, including those with disabilities, are not deprived of their life, liberty, or property without procedures affording 'fundamental fairness.'"

10. The Deputy Clerk one Holley Robinson is in violation of her own State's General Statue which governs her ability to foreclose, as delineated

in Part 2 - Procedure for Sale, paragraph (c) (7) N.C.G.S. § 45-21.16 and failed to meet the required criteria to do the same.

11. The clerk in her Order on August 31, 2016, misrepresented the facts and perpetrated a fraud on this the honorable court of Forsyth County to advantage the Lender and the substitute trustee. Notwithstanding the clerks own forcible errors in this case, had the clerk not deprived the Defendant of Notice and **A Hearing**; we would not be revisiting this matter today. The order is Void. The clerk did not satisfy the 6 required standards to foreclose and violated the Due Process Clause of the 14th Amendment of the US Constitution.

## Relief Desired

WHEREFORE, the Plaintiffs in this proceeding respectfully request this court declare the Writ of Seizure and any Judgments an absolute null Judgment to Set Aside the order in favor of the Plaintiff's.

1. Plaintiff herein desires a court declaration of right of parties herein to consider.

9

2. Plaintiff herein did reside at property at the time of the wrong eviction. Suffered irreparable harm when his due process rights under the 14th and 5 amendments were violated.

3. Plaintiff has established with clear and convincing evidence a prima facia claim for unfair trade practices by showing (1) Plaintiff in the foreclosure action committed unfair and deceptive acts and practices (2) the action in question was in or affecting commerce (3) the act proximately caused injury to the defendants in the foreclosure action.

Plaintiff in this petition has been injured as a result to the defendants violation of his 14th amendment rights, deceptive actions in concert with the clerk in the foreclosure action and the false claims made by the clerk in her order dated August 31, 2016 paragraph 4 and the concealment of vital information by the clerk to the judiciary that would have benefitted the Plaintiff in this action.

Plaintiff has suffered a wrongful seizure and is entitled to immediate return to the premises with appropriate damages.

In addition, Plaintiff is entitled to pendant state law claims for:

   a. Defamation of character
   b. Mental anguish
   c. Embarrasment
   d. Intentional infliction of harm

10

This _30_ day of _April_, 2018.

RESPECTFULLY SUBMITTED:

_____
CHARLES GABRIEL
charlesgabriel1@yahoo.com
2718 Peachtree Road
Statesville, NC 28625

11